UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Cause No. 4:05-cr-19-SEB-VTW-4 |
| | ) | |
| WENDELL H. MASON, JR., | ) | |
| | ) | |
| Defendant | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U.S. Magistrate Judge pursuant to the Order entered by the Honorable Sarah Evans Barker, U.S. District Court Judge, on August 22, 2017, designating the Magistrate Judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed with the Court on August 17, 2017 and the Supplemental Petition for Warrant or Summons for Offender Under Supervision filed on August 30, 2017, and to submit to Judge Barker proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. §§3401(i) and 3583(e) and (g). An Initial Hearing in this matter was held on August 29, 2017, and disposition proceedings were held on September 11, 2017, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure* and 18 U.S.C. §3583. The defendant, Wendell H. Mason, Jr., appeared in person with his appointed counsel, Brian K. Darling. The government appeared by William L. McCoskey, Assistant United States Attorney. U.S. Probation appeared by Brian Bowers, who participated in the proceedings.

The following procedures occurred in accordance with Rule 32.1 *Federal Rules of Criminal Procedure* and 18 U.S.C. §3583:

1

1. On August 29, 2017, Brian K. Darling was present for the initial hearing and was appointed by the Court to represent Mr. Mason regarding the pending Petition on Offender Under Supervision.

2. A copy of the Petition on Offender Under Supervision was provided to Mr. Mason and his counsel, who informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

3. Mr. Mason was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. Mr. Mason was informed that he would have the right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Mason was advised he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. Mr. Mason was informed that, if the preliminary hearing resulted in a finding of probable cause that Mr. Mason had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Barker's designation entered on August 22, 2017.

7. Mr. Mason requested a preliminary examination and the same was scheduled for September 11, 2017, at 2:00 p.m.

8. On September 11, 2017, Mr. Mason appeared with CJA counsel, Brian K. Darling, at the scheduled preliminary examination.

9. At that time the defendant, by counsel, stated his readiness to waive the preliminary examination and proceed with the revocation hearing. Mr. Mason then orally waived the preliminary hearing.

10. The parties then advised the Court they had reached an agreement as to a recommended disposition which they wished to submit to the Court.

11. The parties stipulated the following in open Court:

   (a) As to Violation Numbers 1 of the Petition for Offender Under Supervision, the defendant admitted in open Court that he had violated that condition.

   (b) The parties, by agreement, stipulated that the defendant's supervised release would be revoked and the defendant would serve ten (10) months imprisonment.

   (c) No term of supervised release will be imposed upon completion of his term of imprisonment.

   (d) The Government will move to dismiss Violation Numbers 2 through 4.

12. The Court then proceeded to a revocation hearing upon the allegations of alleged violation of the Terms of Supervised Release, particularly as set out in Violation Number 1 of said Petition. The Court placed Mr. Mason under oath and inquired of him whether he admitted to the specifications alleged in the Petition on Offender Under Supervision, and Mr. Mason admitted the violation contained in Violation Number 1. The Court specifically inquired of Mr. Mason whether he was making these admissions voluntarily and free from any duress, promises or undue influence. The Court further advised Mr. Mason that the Court was not bound by any particular plea agreement made between the United States and Defense Counsel. All of which Mr. Mason affirmatively acknowledged. The Court finds the admissions were knowingly and

voluntarily entered into and that there was a basis in fact for revocation in regard to Violation Number 1. The violation is summarized as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician."** |

13. Based on the information available to the Court, the Court further finds the following:

(a) Mr. Mason has a relevant criminal history category of II. *See,* U.S.S.G. §7B1.4(a).

(b) The most serious grade of violation committed by Mr. Mason constitutes a Grade B violation, pursuant to U.S.S.G. §7B1.1(b).

(c) Pursuant to U.S.S.G. §7B1.4(a) and (b)(3)(A), upon revocation of supervised release, the range of imprisonment applicable to Mr. Mason is 6 to 12 months.

(d) The appropriate disposition for Mr. Mason's violation of the conditions of supervised release is as follows:

(1) Defendant shall be committed to the Bureau of Prisons to serve a term of imprisonment of ten (10) months.

(2) No term of supervised release shall be imposed upon release from confinement.

The Court, having heard the admission of the defendant, the stipulation of the parties and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant violated the above-delineated conditions of his supervised release as set forth in Violation Number 1 of the Petition. The defendant's supervised release is hereby **REVOKED,** and Wendell H. Mason,

Jr. shall be committed to the Bureau of Prisons to serve a term of imprisonment of ten (10) months, with no term of supervised release to follow.  Violation Numbers 2 through 4 are dismissed.

The Magistrate Judge requests that Brian Bowers, U.S. Probation Officer, prepare for submission to the Honorable Sarah Evans Barker, District Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of fact, conclusions of law and recommendation.

Counsel for the parties and Mr. Mason stipulated in open court a waiver of the objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D. Ind. L.R. 72.1 (d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Mason entered the above stipulation and waiver after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

**WHEREFORE,** the U.S. Magistrate Judge **RECOMMENDS** the Court adopt the above Report and Recommendation revoking Wendell H. Mason, Jr.'s supervised release.

**IT IS SO RECOMMENDED** this  13th  day of September, 2017.

_____
Van T. Willis, Magistrate Judge
United States District Court

Distribution to all counsel of record via CM/ECF